UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH DELGADO | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| v. | ) | Judge |
| | ) | |
| MAYOR ROBERT POLK; | ) | Magistrate Judge |
| CHIEF OF POLICE PETER BELOS; | ) | |
| POLICE OFFICER THOMAS GUNTHER; | ) | Jury Demand |
| POLICE SERGEANT JACK DALEY; | ) | |
| STANLEY PAGOREK; | ) | |
| ROBERT MATUGA; | ) | |
| JORGE SOTO; | ) | |
| Individually; and | ) | |
| VILLAGE OF BURNHAM; | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, JOSEPH DELGADO, by and through his attorneys, Gregory E. Kulis and Associates, and in complaining against the Defendants, MAYOR ROBERT POLK, CHIEF OF POLICE PETER BELOS, POLICE OFFICER THOMAS GUNTHER, POLICE SERGEANT JACK DALEY, STANLEY PAGOREK, ROBERT MATUGA, JORGE SOTO, Individually; and VILLAGE OF BURNHAM (ILLINOIS), states as follows:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. §1983 and §1988), and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants committed under color of law.

2. This Court has jurisdiction under and by virtue of 28 U.S.C. §1343, §1331 and

§1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391, as the acts complained of took place in this district.

**PARTIES**

4. At all times herein mentioned, the Plaintiff, JOE DELGADO, is a United States citizen and permanent resident of the State of Illinois.

5. At all relevant times herein referenced, MAYOR ROBERT POLK was acting within the scope of his employment and under color of law with the VILLAGE OF BURNHAM as the Mayor.

6. At all relevant times herein referenced, CHIEF OF POLICE PETER BELOS was acting within the scope of his employment and under color of law with the VILLAGE OF BURNHAM as the Chief of Police.

7. At all relevant times herein referenced, POLICE OFFICER THOMAS. GUNTHER was acting within the scope of his employment and under color of law with the VILLAGE OF BURNHAM as a Police Officer.

8. At all relevant times herein referenced, POLICE SERGEANT JACK DALEY was acting within the scope of his employment and under color of law with the VILLAGE OF BURNHAM as a Police Officer.

9. At all relevant times herein referenced, STANLEY PAGOREK was acting within the scope of his employment and under color of law with the VILLAGE OF BURNHAM as a Village Prosecutor.

10. At all relevant times herein referenced, ROBERT MATUGA was acting within the scope of his employment and under color of law with the VILLAGE OF BURNHAM as a

Village Attorney.

11. At all relevant times herein referenced, JORGE SOTO was acting within the scope of his employment and under color of law with the VILLAGE OF BURNHAM as a Building Commissioner.

12. At all relevant times herein referenced, the VILLAGE OF BURNHAM was a municipality of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the Village of Burnham maintained, managed and/or operated the Burnham Police Department.

## SUMMARY OF FACTS

13. The Plaintiff is a U.S. Marine and a citizen in good standing.

14. From 2006 and continuing to the present time the Defendants, MAYOR ROBERT POLK, CHIEF OF POLICE PETER BELOS, POLICE OFFICER THOMAS GUNTHER, POLICE SERGEANT JACK DALEY, STANLEY PAGOREK, ROBERT MATUGA, JORGE SOTO, Individually, and VILLAGE OF BURNHAM conspired, and continue to conspire, to deprive the Plaintiff and other Burnham residents of their homes and property in Burnham, Illinois. All of these homes are in close proximity to each other.

15. The Defendants has subjected the Plaintiff to several years of:

    a. harassment;
    b. malicious prosecution;
    c. deprivation of his rights to due process;
    d. deprivation of personal property;
    e. unlawful search and seizure; and
    f. other bad acts.

16. From 2006 and continuing to the present time, the Defendants have conducted a campaign to coerce the Plaintiff, and others, to sell their residences and properties in Burnham, Illinois.

**FACTS COMMON TO ALL COUNTS**

17. In approximately the middle of 2006 Defendant POLK entered the Plaintiff's property without permission or legal right. Defendant POLK told the Plaintiff he was going to direct Defendant GUNTHER to begin issuing building code violation citations to the Plaintiff.

18. True to Defendant POLK's word, on separate dates in September, October, November and December 2006 Defendant GUNTHER entered the Plaintiff's property without permission or legal right and issued the Plaintiff many building code violation citations.

19. At all times when Defendant GUNTHER issued citations to the Plaintiff, Defendant GUNTHER was improperly serving as a Burnham police officer in violation of Illinois law. Defendant GUNTHER was later confronted by the Cook County Sheriff's Office and investigated concerning his service as a police officer for the Defendant VILLAGE OF BURNHAM. Defendant Gunther's employment with the VILLAGE OF BURNHAM was thereafter terminated.

20. The citations issued by Defendant GUNTHER were unlawful as Defendant GUNTHER has no legal right or standing to issue them and he had no expert knowledge of building code compliance.

21. In approximately November 2006, Defendant BELOS, without legal right, summoned the Plaintiff to the Village of Burnham village hall. The Plaintiff was greeted by Defendants POLK, BELOS, and GUNTHER (this meeting occurred prior to his termination).

22. At this meeting the Defendants improperly asked the Plaintiff questions about his financial assets and income, about whether he wanted to sell his home, and about other personal issues.

23. During this meeting Defendant BELOS yelled out to the Plaintiff: "We want you to move out of your home. Just move out." The Plaintiff refused the request.

24. For the next three and a half years — and still continuing today — the Defendants have been prosecuting the Plaintiff in court proceedings which are based on the unlawful, improper and false citations issued by Defendant GUNTHER.

25. Defendants PAGOREK and MATUGA repeatedly appeared in court to prosecute claims against the Plaintiff.

26. As a result of these court proceedings — all of which were based on false premises — the Plaintiff has been forced to retain counsel, incur attorneys fees and costs, appear in court over twenty times, surrender personal property, and to suffer other damages.

27. In approximately June 2008, Defendant BELOS advised the Plaintiff to appear at the wrong courthouse for a scheduled hearing; Plaintiff was supposed to be at a different location. As a result of this misinformation, the Plaintiff was defaulted.

28. The unlawful citations and ongoing court proceedings against the Plaintiff have resulted in unlawful entries upon his property for building inspections by Village of Burnham employees.

29. One such unlawful entry on or about July 12, 2008, when Defendants PAGOREK, DALEY and SOTO unlawfully entered and searched the Plaintiff's property.

30. The Plaintiff has been harassed in other ways at the direction of the Defendants. For instance on or about July 8, 2008, the Village of Burnham Fire Department conducted a fire

drill on the Plaintiff's land without the Plaintiff's consent.

31. Also, in late 2009 and in February 2010, the Plaintiff's property fence was cut unlawfully by workers sent by the Defendants.

### COUNT I:
### §1983 CONSPIRACY TO VIOLATE
### PLAINTIFF'S CONSTITUTIONAL RIGHTS

32. The Plaintiff realleges and incorporates herein his allegations of paragraphs 1 through 31 as his respective allegations of paragraph 32.

33. From 2007 and continuing to the present time the Defendants, MAYOR ROBERT POLK, CHIEF OF POLICE PETER BELOS, POLICE OFFICER THOMAS GUNTHER, POLICE SERGEANT JACK DALEY, STANLEY PAGOREK, ROBERT MATUGA and JORGE SOTO conspired, and continue to conspire, to deprive the Plaintiff of the historic residence and property he owns at 3001 E. 138th Place in Burnham, Illinois.

34. The Defendants reached an agreement or understanding to deprive the Plaintiff of his constitutional rights.

35. The Defendants were willful participants in the joint activity as state actors.

36. Defendants understood the general objectives of the scheme, accepted them, and agreed, either explicitly or implicitly, to do their part to further the objectives.

37. The actions of the Defendants were intentional, willful and wanton.

38. As a direct and proximate consequence of said conduct, the Plaintiff suffered violations of his constitutional rights, emotional anxiety, fear, and monetary loss.

WHEREFORE, the Plaintiff, JOSEPH DELGADO, prays for judgment against the Defendants, MAYOR ROBERT POLK, CHIEF OF POLICE PETER BELOS, POLICE

OFFICER THOMAS GUNTHER, POLICE SERGEANT JACK DALEY, STANLEY PAGOREK, ROBERT MATUGA, and JORGE SOTO, jointly and severally, in an amount in excess of One Hundred Thousand Dollars ($100,000.00) in compensatory damages and in excess of One Hundred Thousand Dollars ($100,000.00) in punitive damages, plus attorneys' fees and costs.

## COUNT II:
## §1983 DUE PROCESS VIOLATIONS

39. The Plaintiff realleges and incorporates herein his allegations of paragraphs 1 through 31 as his respective allegations of paragraph 39.

40. The Defendants deprived the Plaintiff of fair administrative and judicial proceedings by engaging in multiple acts which include, but are not limited to, submitting false charges as contained in building code violation citations and otherwise acting to deny the Plaintiff fair hearings trial in the Village of Burnham administrative court of law.

41. The acts described in the preceding paragraphs were directed toward the Plaintiff, were intentional and material, and therefore were in violation of the Plaintiff's due process rights.

42. As a result of the Defendants' conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and laws enacted therein.

43. As a direct and proximate consequence of said conduct, the Plaintiff suffered violations of his constitutional rights, emotional anxiety, fear, and monetary loss.

WHEREFORE, the Plaintiff, JOSEPH DELGADO, prays for judgment against the

Defendants, MAYOR ROBERT POLK, CHIEF OF POLICE PETER BELOS, POLICE OFFICER THOMAS GUNTHER, POLICE SERGEANT JACK DALEY, STANLEY PAGOREK, ROBERT MATUGA and JORGE SOTO, jointly and severally, in an amount in excess of One Hundred Thousand Dollars ($100,000.00) in compensatory damages and in excess of One Hundred Thousand Dollars ($100,000.00) in punitive damages, plus attorneys' fees and costs.

### COUNT III:
### §1983 UNLAWFUL ENTRY & ILLEGAL SEARCH AND SEIZURE

44. The Plaintiff realleges and incorporates herein his allegations of paragraphs 1 through 31 as his respective allegations of paragraph 44.

45. Defendants GUNTHER, POLK, PAGOREK, DALEY and SOTO entered the Plaintiff's property without a warrant or exigent circumstances.

46. The Defendants did not have a right to enter the Plaintiff's property.

47. The Defendants did not have probable cause to enter the Plaintiff's property.

48. The entry and search of the Plaintiff's property was unlawful and unreasonable.

49. The Defendants conduct caused the Plaintiff to be deprived of certain property.

50. Said actions of these Defendants were intentional, willful and wanton.

51. Said actions of the Defendants violated the Plaintiffs' Fourth and Fourteenth Amendment Rights of the United States Constitution and were in violation of said rights protected by 42 U.S.C. §1983.

52. As a direct and proximate consequence of said conduct of the Defendants, the Plaintiff suffered violations of his constitutional rights, emotional anxiety, fear, monetary loss,

and property loss.

WHEREFORE, the Plaintiff, JOSEPH DELGADO, prays for judgment against the Defendants, THOMAS GUNTHER, ROBERT POLK, STANLEY PAGOREK, JACK DALEY and JORGE SOTO, jointly and severally, in an amount in excess of One Hundred Thousand Dollars ($100,000.00) in compensatory damages and in excess of One Hundred Thousand Dollars ($100,000.00) in punitive damages, plus attorneys' fees and costs.

### COUNT IV:
### MALICIOUS PROSECUTION (ILLINOIS CLAIM)

53. The Plaintiff realleges and incorporates herein his allegations of paragraphs 1 through 31 as his respective allegations of paragraph 53.

54. The Defendants alleged that the Plaintiff violated the various laws, including those of the State of Illinois. These allegations commenced or continued an administrative and/or judicial proceeding against the Plaintiff in the Village of Burnham administrative court.

55. The Defendants made the allegations without probable cause and with malice.

56. The Defendants facilitated the prosecution of the Plaintiff by filing false building code violation citations.

57. The underlying citations against the Plaintiff were ultimately resolved in favor of the Plaintiff, in a manner indicative of innocence.

58. As a direct and proximate consequence of said conduct of the Defendants, the Plaintiff suffered violations of his constitutional rights, emotional anxiety, fear, monetary loss, and property loss.

WHEREFORE, the Plaintiff, JOSEPH DELGADO, prays for judgment against the

Defendants, MAYOR ROBERT POLK, CHIEF OF POLICE PETER BELOS, POLICE OFFICER THOMAS GUNTHER, POLICE SERGEANT JACK DALEY, STANLEY PAGOREK, ROBERT MATUGA, and JORGE SOTO, jointly and severally, in an amount in excess of One Hundred Thousand Dollars ($100,000.00) in compensatory damages and in excess of One Hundred Thousand Dollars ($100,000.00) in punitive damages, plus attorneys' fees and costs.

## COUNT V:
## NEGLIGENT RETENTION HIRING & RETENTION
## (ILLINOIS CLAIMS)

59. The Plaintiff realleges and incorporates herein his allegations of paragraphs 1 through 31 as his respective allegations of paragraph 59.

60. Defendant MAYOR ROBERT POLK hired and retains/retained CHIEF OF POLICE PETER BELOS and POLICE OFFICER THOMAS GUNTHER as employees despite having knowledge of (a) their lack of qualifications to serve in their designated positions and (b) their bad acts against many individuals, including including but not limited to Joseph Ivancich; Victor Velasco; Richard Vitek; and Gary Kirkpatrick.

61. As a direct and proximate consequence of said conduct of the Defendants, the Plaintiff suffered violations of his constitutional rights, emotional anxiety, fear, monetary loss, and property loss.

WHEREFORE, the Plaintiff, JOSEPH DELGADO, prays for judgment against the Defendant, MAYOR ROBERT POLK, in an amount in excess of One Hundred Thousand Dollars ($100,000.00) in compensatory damages and in excess of One Hundred Thousand Dollars ($100,000.00) in punitive damages, plus attorneys' fees and costs.

## COUNT VI:
## *MONELL* PRACTICE AND POLICY CLAIM

62. The Plaintiff realleges and incorporates herein his allegations of paragraphs 1 through 31 as his respective allegations of paragraph 59.

63. Defendant VILLAGE OF BURNHAM maintains a custom, practice, and policy of:

   a. Hiring and retaining the individual Defendant GUNTHER in violation of Illinois law as he was not a person of good character, as he had prior arrests;

   b. Hiring and retaining the individual Defendants despite their bad acts against the Plaintiff and other Village of Burnham residents, including but not limited to Joseph Ivancich; Victor Velasco; Richard Vitek; and Gary Kirkpatrick;

   c. Directing and allowing Defendant GUNTHER to hold police powers, wear a police uniform, carry a police badge, and carry a weapon despite his unlawful status as a police officer;

   d. Directing and allowing Defendant GUNTHER to issue repeatedly unlawful citations and police reports to many individuals, including the Plaintiff, Joseph Ivancich, Victor Velasco, Richard Vitek, and Gary Kirkpatrick, despite his unlawful status as a police officer; and,

   e. Directing and allowing Defendant GUNTHER to arrest people despite his unlawful status as a police officer, including the arrests Joseph Ivancich; Victor Velasco; Richard Vitek; and Gary Kirkpatrick.

64. As a result of these customs, practices and policies of the VILLAGE OF BURNHAM, the Plaintiff was injured and his constitutional rights were violated.

WHEREFORE, the Plaintiff, JOSEPH DELGADO, prays for judgment against the Defendant, VILLAGE OF BURNHAM, in an amount in excess of One Hundred Thousand Dollars ($100,000.00) in compensatory damages, plus attorneys' fees and costs.

**COUNT VII:**
**INDEMNIFICATION CLAIM PURSUANT TO 745 ILCS 10/9-102**
**AGAINST DEFENDANT CITY OF CHICAGO**

65. The Plaintiff realleges and incorporates herein his allegations of paragraphs 1 through 61 as his respective allegations of paragraph 62

66. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

67. Defendants, MAYOR ROBERT POLK, CHIEF OF POLICE PETER BELOS, POLICE OFFICER THOMAS GUNTHER, POLICE SERGEANT JACK DALEY, STANLEY PAGOREK, and ROBERT MATUGA are or were employees of the VILLAGE OF BURNHAM and acted within the scope of his employment for the VILLAGE OF BURNHAM in committing the misconduct described herein.

WHEREFORE, should Defendants MAYOR ROBERT POLK, CHIEF OF POLICE PETER BELOS, POLICE OFFICER THOMAS GUNTHER, POLICE SERGEANT JACK DALEY, STANLEY PAGOREK, and ROBERT MATUGA be found liable for the acts alleged above, Defendant VILLAGE OF BURNHAM would be liable to pay the Plaintiff any judgment obtained against said Defendant Police Officers.

**COUNT VIII:**
**INJUNCTIVE RELIEF**

68. The Plaintiff realleges and incorporates herein his allegations of paragraphs 1 through 64 as his respective allegations of paragraph 65.

69. By virtue of the foregoing, the Plaintiff has demonstrated — particularly by the allegations that Defendant GUNTHER unlawfully acted as a police officer when issuing the building code citations — a likelihood of success on the merits and that a balancing of the equities favors the issuance of an injunction against the Defendants.

70. Unless Defendant is preliminarily enjoined from the foregoing conduct, the Plaintiff will be irreparably harmed by the Defendant VILLAGE OF BURNHAM continuing to prosecute him for alleged building code violations in the Village of Burnham administrative court. Such harms include, but is not limited to:

   a. Being constructively evicted from his residence;

   b. His residence being condemned by the Defendant;

   c. Continuing to incur legal fees in defending himself against the Defendant in the Village of Burnham administrative court proceedings;

   d. Continuing to incur attorneys fees and costs related to his defense in the Village of Burnham administrative court proceedings;

   e. Loss of a safe and secure place to reside; and,

   f. Loss of his only substantial asset: his residence.

71. The Plaintiff will be the subject of another unlawful building inspection on March 23, 2010, and another court date on March 30, 2010.

72. The Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that this Court:

   A. A Temporary Restraining Order and/or a Preliminary Injunction Order issue immediately, enjoining Defendant VILLAGE OF BURNHAM, directly or indirectly, alone or in concert with others, including any officer, agent, employee and/or representative of Defendant VILLAGE OF BURNHAM, until hearing and thereafter until further Order of this Court, from:

1. Prosecuting the Plaintiff for the unlawful building code citations currently pending;

2. Evicting, actually or constructively, the Plaintiff from his residence and property he owns at 3001 E. 138th Place in Burnham, Illinois;

3. Condemning the Plaintiff's residence and property he owns at 3001 E. 138th Place in Burnham, Illinois;

4. Inspecting Plaintiff's residence and property at 3001 E. 138th Place in Burnham, Illinois;

5. Issuing any new building code violations against the Plaintiff concerning his residence and property he owns at 3001 E. 138th Place in Burnham, Illinois.

## **JURY DEMAND**

The Plaintiff requests a trial by jury.

Respectfully submitted,

/s/ David S. Lipschultz

Gregory E. Kulis and Associates
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830
Atty. No. 6277910